IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN DAVID AYALA VILLANUEVA, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> KRISTI NOEM, *SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY*, *et al.*, <br><br> Respondents. | Case No. 3:25-cv-402 <br> Judge Stephanie L. Haines |

## **MEMORANDUM ORDER**

Pending before the Court the Motion filed by Petitioner Brian David Ayala Villanueva ("Mr. Villanueva") and Petitioner Rigoberto Sanchez-Alfaro ("Mr. Alfaro") (collectively, "Petitioners") for a Temporary Restraining Order ("T.R.O.") and Preliminary Injunction ("P.I."). ECF No. 4. In Petitioners' Brief in Support, ECF No. 5, Petitioners requests that this Court: order "Respondents to release [Petitioners] from detention or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days of this Court's order." ECF No. 5, p. 14.

For the following reasons, the Court will DENY Petitioners' Motion insofar as it requests a T.R.O. but will consider Petitioners' Motion in so much as it requests a P.I.

### I.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors—likelihood of success on the merits and irreparable harm—"operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[1] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I*, 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]"); *Snee v. Barone*, 359

---

[1] The Third Circuit has made clear that "a court may not convert an *ex parte* [temporary restraining order] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

F.App'x. 281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

## II.  Analysis

In Petitioners' Motion, they request that this Court: order "Respondents to release [Petitioners] from detention or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days of this Court's order." ECF No. 5, p. 14. In this way, Petitioner's request for relief goes beyond the "limited nature of a [T.R.O.]" and instead requests "mandatory, affirmative relief[.]" *Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439).

Thus, this Court will DENY Petitioners' Motion in so much as it requests relief via a T.R.O. as a T.R.O. is not the appropriate vehicle for such relief. However, the Court will consider Petitioners' claims in so much as they seek a P.I. In order to more fully develop the record as to this issue, the Court will set a briefing schedule in an accompanying Order.

An appropriate Order follows:

**ORDER**

AND NOW, this 10th day of December 2025, in light of the seriousness of the relief sought, and in accordance with the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that Respondents shall file and serve a written response to Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction no later than **11:59 PM on December 17, 2025**. Aside from any additional arguments Respondents wish to make, the Response shall specifically address: (1) what statute governs Petitioner's detention and why, and (2) *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and its position relative to the vast number of courts that have rejected the reasoning articulated therein.

Petitioners may, but are not required to, file and serve a Reply to any Response submitted by Respondents on or before **11:59 PM on December 22, 2025**. The Court will schedule a hearing as necessary.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE